# Jackson *v.* Singleton.

*Statutory Action of Ejectment.*

1. *Ejectment; conveyances of lands adversely held* —A conveyance of lands at the time in possession of a third person holding adversely to the grantor, is void and will not support an action of ejectment against the adverse holder.

2. *Same; error without injury in admission of evidence.*—Where in an action of ejectment the plaintiff claims under a mortgage, error in the admission and exclusion of evidence is without injury or prejudice to the plaintiff, where it is shown that the defendant had title by adverse possession, which commenced prior to the execution of the mortgage under which the plaintiff claims.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. J. A. BILBRO.

This was a statutory action of ejectment, brought by the appellant, J. L. Jackson, against the appellee, W. L. Singleton, to recover certain lands specifically

[Jackson v. Singleton.]

described in the complaint. The facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court at the request of the defendant gave the general affirmative charge in his behalf, to the giving of which charge the plaintiff duly excepted.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

DAVIS & HARALSON, for appellant.

O. D. STREET, *contra.*—Defendant having been in adverse possession at the time of the execution of the mortgage of Martha Fennell to plaintiff, the latter was not entitled to recover.—*Bridges v. McLendon,* 56 Ala. 327; *Johnston v. Cook,* 73 Ala. 537.

TYSON, J.—This was a statutory action in the nature of ejectment for the recovery of lands described in the complaint. The facts as disclosed by the record are without dispute. In 1860 one Pitts and wife conveyed the lands to James H. Moore who went into possession and remained in possession to the date of his death in 1881. In 1875, Moore made a deed to the land to his wife, Martha A. That prior to Moore's death, the date is not shown, he put Peter Fennell in possession of the land, who held it until his death in 1887. Prior to his death and after the death of Moore, Martha A. Moore sold the land to Fennell, but never executed to him a deed. On the 23d day of February, 1886, Martha A., who was at that date Martha A. Harrison, having intermarried with John S. Harrison, obtained a judgment against Peter Fennell on a note given for the balance of the purchase money due her upon the land, upon which execution was issued. This land was levied upon by the sheriff and sold by him to satisfy this execution, and at the sale J. T. Sparks became the purchaser, to whom the sheriff made a deed properly executed, and went into possession of the lands, cultivating them as

his own until he sold them to defendant in 1888, when defendant went into possession, and has been in possession ever since under his deed from Sparks. After Peter Fennell's death, on the 6th day of August, 1887, John S. and Martha A. Harrison and James W. Moore, one of the children of James H. and Martha A. Moore, executed a deed to the lands to Martha Fennell, the widow of said Peter. On the 22d day of December, 1890, Martha Fennell executed to plaintiff a mortgage upon the land, upon which he relied for a recovery in this case.

Upon the foregoing statement of facts the court gave the general affirmative charge for the defendant.

There are several assignments of error based upon the rulings of the court in permitting the defendant to introduce certain testimony against the objection of appellant. If erroneous they are without injury, as the testimony admitted in no wise affected the question of adverse holding by defendant of the land sued for at the date of the execution and delivery of the mortgage by Martha Fennell to appellant.

For the same reason the exclusion of the deed of James H. Moore to Martha Moore, on the objection of defendant, could not have prejudiced appellant's rights. The mortgage upon which he relied, as a conveyance of the legal title, was void as against the defendant.—*Bernstein v. Humes*, 60 Ala. 582, and authorities therein cited; *Chapman v. Holding*, 60 Ala. 532; 3 Brick. Dig. 18, § § 51, 55.

This conclusion dispenses with the consideration and decision of the question as to the effect of the act of February 28, 1887 (Code 1886, § 2351), upon the conveyance made by James H. Moore to his wife Martha A. Moore.

The judgment of the circuit court is affirmed.